ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| SUPER ASPHALT PAVEMENT, CORP. <br><br> Recurrente <br><br> v. <br><br> JUNTA DE SUBASTAS DEL MUNICIPIO AUTÓNOMO DE YABUCOA <br><br> Recurrido <br><br> y <br><br> PR DISPOSAL 4 CONTRACTOR SERVICES, INC. <br><br> Licitadora-Agraciada <br><br> y <br><br> HARRY AUTO KOOL, INC.; ALONDRA CONTRACTOR, CORP. <br><br> Otras Licitadoras | KLRA202400112 | *Revisión Judicial* procedente de la Junta de Subasta del Municipio Autónomo de Yabucoa <br><br><br> Subasta Núm.: 7/Serie 2023-2024 |

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Rivera Torres, la Juez Rivera Pérez y el Juez Campos Pérez

Campos Pérez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 26 de abril de 2024.

**I.**

El 4 de marzo de 2024, la parte recurrente, Super Asphalt Pavement Corp. (Asphalt), acudió ante nos, mediante el recurso de revisión judicial del epígrafe para impugnar la adjudicación de la Subasta Formal #7/Serie 2023-2024, emitida por la Junta de Subastas del Municipio Autónomo de Yabucoa (Junta de Subastas). En particular, Asphalt señaló los siguientes errores:

(A) COMETIÓ GRAVE ERROR LA JUNTA DE SUBASTA DEL MUNICIPIO AUTÓNOMO DE YABUCOA QUE INVALIDA LA ADJUDICACIÓN DE ESTA SUBASTA, POR SER UN ERROR CRASO DE DERECHO QUE VIOLENTA EL DEBIDO PROCEDIMIENTO DE LEY DE LA LICITADORA NO

Número Identificador

SEN2024 _____

AGRACIADA AQUÍ COMPARECIENTE, AL EMITIR UNA NOTIFICACIÓN QUE NO INCLUYE LA INFORMACIÓN Y ANÁLISIS BÁSICO QUE REQUIERE Y GARANTIZA UNA NOTIFICACIÓN QUE CUMPLA CON EL DEBIDO PROCEDIMIENTO DE LEY, SEGÚN ESTABLECIDO EN *TORRES PRODS. VS. JUNTA MUN. AGUADILLA*, 169 DPR 886 (2007).

(B) COMETIÓ GRAVE ERROR LA JUNTA DE SUBASTA DEL MUNICIPIO AUTÓNOMO DE YABUCOA QUE INVALIDA SU ADJUDICACIÓN POR SER UN ERROR CRASO DE DERECHO QUE DEMUESTRA PREJUICIO Y PARCIALIDAD, AL ADJUDICAR EL RENGLÓN A.1 DE LA SUBASTA A UN LICITADOR QUE LICITÓ UN PRECIO QUE NO CUBRE EL MATERIAL DE ASFALTO A REGARSE Y COMPACTARSE, EN ABIERTA VIOLACIÓN A LAS ESPECIFICACIONES DE LA SUBASTA, EN ABIERTA VIOLACIÓN A LOS MAS ELEMENTALES PRINCIPIOS DE BUENA ADMINISTRACIÓN PÚBLICA Y EN GRAVE PERJUICIO DE LOS MEJORES INTERESES DEL MUNICIPIO AUTÓNOMO DE YABUCOA.

Luego de conceder el plazo reglamentario a la Junta de Subastas para que presentara su alegato, el 9 de abril de 2024, la parte recurrida compareció mediante un escrito intitulado *Moción en solicitud se desestime el recurso presentado y se devuelva ante la Junta de Subasta del Municipio Autónomo de Yabucoa*. En éste, reconoció que la notificación emitida no se ajustaba a los requisitos mínimos pautados por el ordenamiento jurídico. Añadió "… que de la notificación de adjudicación de la determinación de la Junta de Subastas no se desprende ninguna razón o los criterios que tomó la Junta de Subastas para su determinación". Sostuvo también que "no basó su determinación en criterios objetivos de eficiencia; la reputación comercial de los licitadores y del servicio ofrecido por éstos; calidad del servicio; la habilidad del licitador de cumplir con el contrato; pasadas experiencias; reputación comercial; y la responsabilidad y estabilidad económica particular del licitador". En consecuencia, nos solicitaron la devolución del caso ante la consideración de la Junta de Subastas, para proceder a notificar a los licitadores, mediante una nueva notificación de adjudicación conforme a Derecho.

Mediante una *Resolución* dictada el 12 de abril de 2024, convocamos a la parte recurrente a expresarse en torno a la

solicitud, para lo que otorgamos un breve término de cinco días, a partir de la notificación del pronunciamiento.

El 24 de abril de 2024, Asphalt compareció a través de la *Moción en cumplimiento de Orden.* Expresó "no tener objeción a que se devuelva el caso a la consideración de la Junta de Subastas del Municipio de Yabucoa para la corrección de los errores cometidos por ésta". Disponemos.

**II.**

La jurisdicción de los tribunales queda determinada por la aplicación de diversas doctrinas que le dan vida al llamado principio de justiciabilidad. Este principio de limitación autoimpuesta emana del rol que corresponde al Poder Judicial como parte de la trilogía de poderes de nuestro sistema de gobierno. *Muns. Aguada y Aguadilla v. JCA,* 190 DPR 122, 131-132 (2014), que cita a *Lozada Sánchez et al. v. JCA,* 184 DPR 898, 917 (2012). Una de esas doctrinas es la de academicidad que, como corolario del principio de justiciabilidad, "nace del elemental principio de que los tribunales existen únicamente para resolver controversias genuinas surgidas entre partes opuestas que tienen interés real en obtener un remedio que haya de afectar sus relaciones jurídicas". *E.L.A. v. Aguayo,* 80 DPR 552, 558-559 (1958). Un caso académico es aquél que pretende obtener una determinación judicial en torno a una controversia inexistente, por lo que la sentencia que se dicte en su día no tendrá efectos prácticos. *Id.,* pág. 584. El propósito de este precepto es evitar el inadecuado uso de los recursos judiciales y evitar precedentes innecesarios. *Emp. Pur. Des., Inc. v. H.I.E.Tel.,* 150 DPR 924, 936 (2000), citado en *Super Asphalt v. AFI y otro,* 206 DPR 803, 815-816 (2021). Es decir, si la controversia pierde vigencia, ya sea por cambios fácticos o jurídicos durante el trámite, en lugar de conceder un remedio, el tribunal sólo emitiría una opinión

consultiva. Por lo tanto, **el tribunal debe abstenerse de resolver los méritos de la controversia que ha dejado de estar viva y presente**. Véanse, *Lozada Sánchez et al. v. JCA, supra,* pág. 913; *Asoc. Fotoperiodistas v. Rivera Schatz*, 180 DPR 920, 931 (2011); *E.L.A. v. Aguayo, supra*, pág. 584.

Cónsono con lo anterior, el Reglamento del Tribunal de Apelaciones nos autoriza a desestimar un recurso, a solicitud de parte o a iniciativa propia, porque se ha tornado académico. Véase, Regla 83 (B) (5) y (C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B. Ello responde a que, de no estar presente alguna de las excepciones establecidas jurisprudencialmente, un foro judicial carece de jurisdicción para atender un caso que tenga visos de academicidad.

### III.

Resulta evidente que la aceptación de los defectos de la notificación por parte de la Junta de Subastas torna en inexistente la controversia entre las partes del título. Desde luego, de Asphalt entender que la notificación que en su día emita la Junta de Subastas no cumple a cabalidad con los requisitos impuestos por nuestro ordenamiento, o que el organismo incurra en algún otro error o arbitrariedad, le ampara el derecho a presentar una nueva solicitud de revisión judicial. Por todo lo anterior, desestimamos el recurso presentado por falta de jurisdicción al haberse tornado académico, de conformidad con la Regla 83 (B) (5) y (C) del Reglamento del Tribunal de Apelaciones, *supra.*

Lo acordó y manda el Tribunal, y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones